The Honorable Melvin J. Neufeld State Representative, 115th District 7405 15 Road Ingalls, Kansas 67853
Dear Representative Neufeld:
As Chairman of the Joint Committee on Administrative Rules and Regulations, you request our opinion regarding the authority of the Secretary of the Kansas Department of Health and Environment (KDHE) to license and regulate secure residential treatment facilities that house children ages 16 and 17. You state that the Joint Committee on Administrative Rules and Regulations is considering regulations proposed by the Secretary to license and regulate secure residential treatment facilities under the authority of K.S.A. 65-501 et seq. You indicate that KDHE has advised the Joint Committee that the facilities licensed under these regulations will house juveniles who require psychiatric treatment and are placed there by the Juvenile Justice Authority.
The Kansas Juvenile Justice Code[1] defines a juvenile as a person 10 or more years of age but less than 18 years of age.[2] The proposed regulations would require a license from the Secretary for the operation of a secure residential treatment facility that houses children ages 10 and older, and would regulate those facilities. Because the licensing provisions of K.S.A. 65-501 et seq. generally apply to facilities housing children under 16 years of age, you ask the following specific questions:
 "1. Does the Secretary of KDHE have the authority to license and regulate any child care facility which houses children whose age is at least 16 years but less than 18 years?
 "2. May a licensed child care facility be used to house children whose age is at least 16 years but less than 18 years within the term of its license?"
K.S.A. 1998 Supp. 65-501, which requires a license to operate certain child care facilities, states:
 "It shall be unlawful for any person, firm, corporation or association to conduct or maintain a maternity center or a child care facility for children under 16 years of age
without having a license or temporary permit therefor from the secretary of health and environment. . . ." (Emphasis added.)
K.S.A. 1998 Supp. 65-504(a) authorizes the Secretary of KDHE to issue licenses for child care facilities as follows:
 "The secretary of health and environment shall have the power to grant a license to a person to maintain a maternity center or child care facility for children under 16 years of age. . . ." (Emphasis added.)
Although a secure residential treatment facility is not specifically listed under the types of facilities that constitute a "child care facility" as that term is defined in K.S.A. 1998 Supp. 65-503, section (c)(1)(B) of that statute includes "other facilit[ies] of a type determined by the Secretary to require regulation under the provisions of this act" in its definition of "child care facility."
The legislative history of K.S.A. 1998 Supp. 65-501 and 65-504
reveals that the 16 years of age language has been part of those statutes since they were originally enacted in 1919, but does not explain the reason why that particular age was used.[3]
In a case concerning the power of KDHE to enforce water pollution permits, the Kansas Supreme Court summarized the Agency's authority as follows:
 "Administrative agencies are creatures of statute and their power is dependent upon authorizing statutes, therefore any exercise of authority claimed by the agency must come from within the statutes. There is not general or common law power that can be exercised by an administrative agency.
 "Rules or regulations of an administrative agency, to be valid, must be within the statutory authority conferred upon the agency. Those rules or regulations that go beyond the authority authorized, which violate the statute, or are inconsistent with the statutory power of the agency have been found void. Administrative rules and regulations to be valid must be appropriate, reasonable and not inconsistent with the law."[4]
While K.S.A. 1998 Supp. 65-501 and 65-504 clearly limit the Secretary's authority for issuing licenses to child care facilities housing children under 16 years of age, nothing in the child care facilities act prohibits the housing of children ages 16 and 17 in such facilities. In Attorney General Opinion No.95-58, we addressed the question of whether the Shawnee County Youth Center, which housed children age 16 and over as well as younger children, fell within the definition of "child care facility" under K.S.A. 65-503 as "any receiving or detention home for children under 16 years of age provided or maintained by, or receiving aid from, any city or county or the state." We opined that because the Youth Center housed children under the age of 16, it was a "child care facility" subject to KDHE regulation, and the fact that the Youth Center also housed children over the age of 16 was irrelevant. We believe this same reasoning applies to the situation you present. The Secretary's authority to license extends to any facility that meets the definition of child care facility and houses children under the age of 16. The fact that older children are also housed within the facility is immaterial. Therefore, in response to your second question, a licensed child care facility may be used to house children ages 16 and 17.
Although the Secretary's authority to license is limited to facilities that house children under the age of 16, the Secretary's authority to regulate does not contain such limitation. K.S.A. 1998 Supp. 65-508 gives the Secretary authority to develop and adopt rules and regulations for the operation and maintenance of child care facilities. A child care facility includes "a children's home, orphanage, maternity home, day care facility or other facility of a type determined by the secretary to require regulation under the provisions of this act."[5] Therefore, in response to your first question, the Secretary of KDHE has authority to regulate the operation and maintenance of a child care facility that houses children ages 16 and 17, and to license a child care facility that houses children ages 16 and 17 if that facility also houses children under the age of 16.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 38-1601 et seq.
[2] K.S.A. 1998 Supp. 38-1602(a), as amended by L. 1999, Ch. 156, § 11.
[3] See L. 1919, Ch. 210, §§ 1, 4; L. 1974, Ch. 352, §§ 85, 86; L. 1978, Ch. 236, §§ 1, 3; L. 1985, Ch. 209, §§ 1, 2; L. 1994, Ch. 279, § 4; Minutes, House Committee on Public Health and Welfare, February 13, 1978, March 5 and 6, 1985; Minutes, Senate Committee on Public Health and Welfare, March 9, 1978, March 28, 1985.
[4] Pork Motel Corp. v. Kansas Dept. of Health Environment, 234 Kan. 374, 378-379 (1983).
[5] K.S.A. 1998 Supp. 65-503 (c)(1)(B).